IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY LEE ROBINSON,

      Plaintiff,

v.                                                No. 1:22-cv-00741-JHR

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING VOLUNTARY REMAND**

**THIS MATTER** comes before the Court on Defendant Kilolo Kijakazi's Opposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g), [Doc. 28] ("the Motion"). Plaintiff Timothy Lee Robinson responded in partial opposition and Kijakazi replied, completing briefing. *See* [Docs. 31–33]. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties consented to the undersigned magistrate judge resolving Robinson's appeal and entering final judgment. [Docs. 3, 7, 8].[1] For the reasons stated below, the Court grants the Commissioner's Motion.

**I.**    **DISCUSSION**

Robinson applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act in December 2017, claiming he became disabled in January 2017. Administrative Record ("*AR*") at 92–96.[2] In July 2021, Administrative Law Judge ("ALJ") Cole Gerstner issued a partially favorable decision on behalf of the Social Security Administration finding that Robinson was disabled, and therefore eligible

---

[1] Documents 3, 7, and 8 are text-only docket entries viewable on the CM/ECF system.
[2] Document 19 comprises the sealed Certified Transcript of the Administrative Record. The Court cites the Record's internal pagination rather than the CM/ECF document number and page.

1

for benefits, as of March 7, 2020, but no earlier. *AR* at 21, 26. Robinson requested review of the unfavorable parts of his decision by the Administration's Appeals Council, but this process was marred by the Administration losing the record of his application in January 2022. *AR* at 15–16. The record was found in June and the Appeals Council denied review in September, making ALJ Gerstner's decision final.[3] *AR* at 1–3, 9.

Robinson timely appealed to this Court seeking reversal and remand of the unfavorable parts of the Administration's decision. *See* [Doc. 1]. The Commissioner agrees that the case should be reconsidered and so moved for remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). [Doc. 28]. Robinson partly opposes the motion because he believes the Court should not only remand the case, but expressly "direct the Agency to affirm the favorable portion of the Administrative Law Judge's Decision." [Doc. 31, p. 1]. To support his position, Robinson states that substantial evidence supports the favorable parts of ALJ Gerstner's decision. *See id.* at 2–6. He also implies that failure to "explicitly protect" the favorable parts of the decision will leave the Administration with discretion to reopen that part of the case, and the Administration's poor handling of his records before suggests that its officers cannot be trusted with such discretion. *See id.* at 2. The Commissioner argues that such an order might prohibit the Administration from reopening favorable parts of Robinson's case in situations where regulations would permit or require it, such as if the Administration discovered that Robinson's decision was obtained by fraud.[4] [Doc. 32, p. 2] (citing 20 C.F.R. §§ 404.988(c), 416.1488(c)).

---

[3] Claimants who are denied benefits by the Administration must obtain a "final decision" from the Administration before they may appeal the denial to a federal district court. *See* 42 U.S.C. § 405(g). Generally, when the Administration's Appeals Council denies review after the ALJ denies benefits, the ALJ's decision is "final" enough for a district court to review. 20 C.F.R. § 422.210(a); *see also Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003) (finding that the Appeals Council's denial of review made an ALJ's decision to deny benefits "the Commissioner's final decision for purposes of review.")

[4] The Commissioner does not allege, nor has the Court seen any evidence to suggest, that Robinson's decision was obtained by fraud.

On the arguments presented, the Commissioner seems to be right. The Administration "may reopen a final determination or decision on [its] own initiative" if certain conditions are met. 20 C.F.R. §§ 404.987(b), 416.1487(b). Those conditions set gradually higher bars for reopening a matter as time passes. *See generally id.* at §§ 404.988, 416.1488. A note in the Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") states that, upon voluntary remand of a partially favorable decision, "the analyst will limit review to the unfavorable portion" and "[t]he recommendation should clearly state that the [Appeals Council]'s review only relates to the unfavorable portion of the decision." HALLEX I-4-5-5.[5] But even this note states that "the entire decision is subject to reopening if the conditions set forth in 20 CFR 404.988 and/or 416.1488 are satisfied." *Id.* An order expressly stating that the Administration cannot reconsider the favorable parts of ALJ Gerstner's decision, without caveat to the conditions listed in 20 C.F.R. §§ 404.988 and 416.1488, could thus hamstring the Administration beyond what the regulations and HALLEX contemplate.

Robinson, meanwhile, does not show why the Court's remand order should be written as he requests despite this authority. Robinson may be correct that substantial evidence supports the favorable parts of the Administration's decision, and reopening those parts of his case on remand might be legal error if the HALLEX rules are not followed and the conditions in 20 C.F.R. §§ 404.988 and 416.1488 are not met. *See e.g., Estate of Jimenez v. Astrue*, 1:08-cv-00817-KBM, 2009 WL 10708193 at *6–8 (D.N.M. May 14, 2009) (discussing whether violations of rules stated in HALLEX violate the claimant's due process rights). But Robinson cites no authority to suggest that the Administration cannot reopen the favorable parts of the decision pursuant to those rules and regulations, nor does he make any novel arguments to

---

[5] The HALLEX is accessible free of charge on the Administration's website. Visit https://www.ssa.gov/op_Home/hallex/hallex.html.

support that position. The Court will thus remand this case but will not include Robinson's requested language in its order.

## II.    CONCLUSION AND ORDER

Wherefore, **IT IS THEREFORE ORDERED** that Defendant Kilolo Kijakazi's Opposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g), [Doc. 28], is **GRANTED.** This case shall be remanded pursuant to sentence four of 42 U.S.C. § 405(g) and judgment shall be entered in Plaintiff Timothy Lee Robinson's favor in accordance with Federal Rule of Civil Procedure 58, consistent with the decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–302 (1993).

_____
Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent